**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Ian Paul Lusung

Plaintiff,

v.

Case No.: 1:26−cv−03814
Honorable Steven C. Seeger

The Partnerships and Unincorporated Associations Identified on Schedule A

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, October 5, 2026:

MINUTE entry before the Honorable Steven C. Seeger: Plaintiff's motion for electronic service of process by email under Rule 4(f)(3) (Dckt. No. [11]) is hereby denied. In Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co., 177 F.4th 793, 797 (7th Cir. 2026), the Seventh Circuit held that the Hague Convention prohibits email service in China. But the Seventh Circuit pointed out that the Convention does not apply when the address is unknown, despite diligent efforts to find the address. Article 1 of the Hague Convention states that it "shall apply in cases... where there is occasion to transmit a judicial or extrajudicial document for service abroad," but "shall not apply where the address of the person to be served with the document is not known." Hague Service Convention, Nov. 15, 1965, 20 U.S.T. 361, 362. "District courts handling Schedule A cases typically require plaintiffs to make 'reasonably diligent efforts to ascertain and verify [the] defendant's mailing address' before deeming the defendant's address unknown." See Kangol, 177 F.4th at 799 (citing with approval NBA Props., Inc. v. P'ships and Unincorporated Ass'ns Identified in Schedule "A&quo;t;, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021)). A plaintiff cannot make that showing by relying on blanket statements about counterfeiters generally. See NBA Props., 549 F. Supp. at 796 ("Plaintiffs' bare assertions regarding the reliability of Defendant's publicly available address are not a substitute for actual diligence."). That is, it is not enough to say that "store operators that sell counterfeit products typically provide false or misleading address information." Id. Here, Plaintiff contends that "Defendants, on information and belief: (1) have provided false names and physical address information in their registrations for the Defendant Internet Stores in order to conceal their locations and avoid liability for their unlawful conduct." See Mem., at 4 (Dckt. No. [12]). The use of the phrase "on information and belief" doesn't inspire a lot of confidence. And it doesn't comply with Kangol, either. Plaintiff attaches a supporting declaration from counsel, but it is generic. It talks about counterfeiters in Schedule A cases generally, and is not tied to these specific defendants. See Vogt Declaration, at ¶ 2 ("Past investigation and discovery of online marketplace accounts reveals that Defendants appear to have provided false physical address information to the online platforms in order to avoid full liability and rely primarily on

electronic communications to communicate with their third−party service providers and customers.") (Dckt. No. [12−2]). Invoking "years of experience" solidifies the point. In fact, Plaintiff's brief and counsel's declaration are a cut−and−paste operation. Counsel filed the same language in a nearly identical brief and a nearly identical declaration in several other cases on this Court's docket (Hannah Mae Rosengren, Elena Faenkova, Ian Paul Lusung, Senay Kurtulus, Dylan Klymenko). They are word−for−word identical (except when referring to the plaintiff, and so on), which underscores how generic it is. The Court finds that Plaintiff has not made reasonably diligent efforts to confirm the mailing address of Defendants. Plaintiff can and must do more. Plaintiff has not done enough to establish that it made reasonably diligent efforts to ascertain the defendant's address. Plaintiff must file an update within three weeks of entry of this order. But the Court authorizes expedited discovery in the interest of ascertaining the address of Defendants. A failure to comply will lead to dismissal. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.